IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02414-MSK-CBS

JAMES L. CARRERO,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF'S OFFICE,

    Defendant.

## PROTECTIVE ORDER

This matter comes before the Court on the parties' Unopposed Motion for Protective Order. The Court has reviewed the Motion. The Motion is meritorious and acceptable. Therefore,

IT IS ORDERED as follows:

1. This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure and discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information defined "CONFIDENTIAL" shall be information that is confidential

or implicates common law and statutory privacy interests of (a) current or former Arapahoe County Sheriff or other Arapahoe County employees, or (b) documents of a highly sensitive nature including, but not limited to internal affairs files, personnel files, and medical, psychological, and financial records. "CONFIDENTIAL" Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of this Court, be disclosed except that such information may be disclosed to the following persons for use solely in connection with this action under the following conditions:

(a) Attorneys and legal assistants, whether employees or independent contractors of the law firms representing the Plaintiff or the Defendant, and to any other employee or agent of their law firms who shall handle the CONFIDENTIAL Information under their normal office procedure;

(b) Any person the attorneys or parties in good faith believe will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that such Potential Witness shall be shown only such CONFIDENTIAL Information as counsel or the party deems necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness, but only after such persons have been informed of, and expressly agree to, the restrictions described by this Protective Order;

(c) The parties who shall each be informed of, and expressly agree to, the restrictions described in this Protective Order;

(d) Expert witnesses and consultants retained by parties with respect to this action,

but only after such experts and witnesses have been fully informed of, and expressly agree to, the restrictions described by this Protective Order;

(e) Court clerks, the Judge, the Magistrate Judge and Court personnel, including Court reporters and video camera operators present in their official capacity at any hearing, deposition or other proceeding in this action; and,

(f) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

5. Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by or agents of counsel, Court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or fixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice of the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating information as CONFIDENTIAL to file an appropriate Motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a Motion is filed within thirty (30) business days of the expiration of the aforementioned ten (10) business days, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the Motion. If the designating party fails to file such a Motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a Motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Stipulating to the entry of this Order, or producing or receiving materials, or other wise complying with the terms of this Order shall not:

(a) Operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL Information;

(b) Prejudice in any way the rights of any party to object to the production of

information or documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

(c) Prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced; or

(d) Prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

10. Any party wishing to use any CONFIDENTIAL Information in any brief, memorandum, affidavit, or other paper filed with the Court shall file all such affidavit(s), exhibit(s), or other paper(s) and any portion of any brief or memorandum referring or alluding to said CONFIDENTIAL Information, under seal, enclosing the document(s), excerpt(s) or exhibit(s) in a sealed envelope, labeled with the caption of the case, a brief description of the contents, and a statement that the envelope is sealed pursuant to this Order.

11. This Order has no effect upon, and its scope shall not extend to, any party's use of its own CONFIDENTIAL Information.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 7th day of June, 2006.

BY THE COURT:

By: [signature] _____